# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

MARLON LAWSHAWN KING, )
)
    Movant, )
)
v. )    CV419-060
)    CR416-354
UNITED STATES OF AMERICA, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Having pleaded guilty to distribution of heroin, Marlon Lashawn King seeks to vacate his sentence due to counsel's alleged ineffectiveness. Doc. 101;[1] *see* docs. 77 (guilty plea); 78 (judgment for 151 months' imprisonment); 98 & 100 (mandate of Eleventh Circuit and appeal opinion affirming conviction and sentence). He contends his counsel was deficient for failing to object to his Presentence Investigative Report (PSR), to file an *Anders* brief or petition for *certiorari*, or seek to admit into evidence an

---

[1] The Court is citing to the criminal docket in CR16-354 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

affidavit from King's wife taking full responsibility for the conduct attributed to him in the PSR.  Doc. 101 at 4-6.

In both his plea agreement and his Rule 11 plea hearing, King affirmed that counsel's representation had been satisfactory.  Doc. 77 at ¶ 13; doc. 89 at 14.  He also admitted that he sold heroin to an undercover informant.  *Id.* at 23, 25-28.  The Court accepted his plea and the probation office prepared a PSR calculating King's sentencing range under the United States Sentencing Guidelines.  *See* U.S.S.G. § 1B1.1 (range is based on a defendant's total offense level and criminal history).

The PSR explained that King's codefendant had purchased 1,860 grams of THC for King to resell, and because that amount was attributed to King, his base offense level was increased.  PSR at ¶¶ 16-17, 31-33, 39.  Two firearms found in King's residence, which King asserted were purchased and owned by his wife, were also listed.  PSR at ¶¶ 22, 26; *see* PSR at ¶ 40 (increasing King's offense level by two for the possession of at least one firearm).  King's total offense level, with an acceptance of responsibility reduction, was 23 and his criminal history category V.  PSR at 44, 46-48.  However, because he was a "career offender," his total offense level became 29, yielding an advisory guideline range of 151-188

months.  PSR at 45-48, 61, 104; *see* PSR at 45, 52-53 (prior convictions for sale of cocaine and marijuana with intent to distribute).

King objected to inclusion of the THC in his attributed drug quantity, contending there was no evidence that he was the intended recipient of the THC.  And he objected to the firearm enhancement, citing an affidavit his wife submitted swearing the firearms were her property.  The Government responded, explaining that the firearms enhancement was supported by King's possession of a gun during the controlled sale (not just their discovery at his home)[2] and video recordings of King asking his codefendant about the status of the THC shipment.  Moreover, as the Government pointed out to defense counsel via email, King's criminal history pushed him into career offender territory irrespective of the inclusion or exclusion of either enhancement.  *See* doc. 104, Exh. A at 4-5 (reflecting email exchange between counsel, the Government, and

---

[2]  As the Government notes in its response to King's § 2255 motion, ownership of the firearm is irrelevant to the enhancement for possession of a dangerous weapon.  Doc. 104 at 8 (citing U.S.S.G. § 2D1.1(b)(1) & U.S.S.S.G. § 2D1.1, comment. (n. 11(A)).  King does not dispute that two firearms were found in King's house, where several firearms were found.  He merely disputes *ownership*.  The PSR's determination that he *possessed* at least one firearm is thus not clearly erroneous.  Of course, more importantly, it also was not determinative of his status as a career offender.  And that status was dispositive to his guidelines range in a way that effectively moots his dispute about ownership of the firearm.

Probation regarding defendant's objections to the PSR and the Government's response), 7-8 (counsel's argument on attribution of drug quantity and ownership of the firearms); *see also* doc. 98 at 6 (Eleventh Circuit's opinion affirming his conviction and sentence and nothing that "King's guidelines range was determined not by the probation office's calculation under the drug equivalency tables — which took into account offense conduct for which King was not convicted — but rather by the career offender enhancement, which King has never contested.").

Counsel represented that he had conferred with King and decided to withdraw his objections accordingly. *Id.* at 3. King did not object to the PSR at sentencing. Doc. 94 at 4. King was sentenced at the low end of the guidelines range, to serve 151 months imprisonment. Doc. 94 at 14. The Eleventh Circuit affirmed his sentence, doc. 98, and King filed his motion for collateral relief, arguing that counsel's performance was constitutionally deficient. Doc. 101.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466

4

U.S. 668, 687 (1984)). "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). To demonstrate prejudice, the prisoner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice."). In other words, mere dissatisfaction with counsel's performance or disagreement with strategy is not enough.

    King's contentions are largely belied by the record. He complains that counsel failed to object to the firearm and drug quantity enhancements and failed to file his wife's affidavit claiming ownership of the firearms. Doc. 101 at 4 & 6. But he attaches counsel's letter objecting to the PSR as an exhibit to his motion, and that letter sets forth exactly

5

those objections. *Id*. at 14-15. The Government's exhibits further show that counsel did object, but after reviewing the Government's responses to those objections, made a strategic decision to withdraw them. Doc. 104, Exh. A at 3; *see also* doc. 94 at 4 (King declined to object to the PSR at sentencing). Even had counsel pursued those objections, moreover, they would not have changed King's sentencing guideline range. Counsel cannot be ineffective for failing to give chase down a meritless rabbit hole.

King finally argues that counsel deficiently failed to appeal his case to the Supreme Court or file an *Anders* brief. Doc. 101 at 5 (explaining that counsel told him that "he did not possess the authority to file in Supreme Court"). But appellate counsel was not deficient "for failing to file a petition for a writ of certiorari, *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982), because there is no right under the Sixth Amendment to counsel to pursue a discretionary application for review in the Supreme Court, *Ross v. Moffitt*, 417 U.S. 600, 616-18 (1974)." *Richards v. United States*, 406 F. App'x 447 (11th Cir. 2010).

As to the *Anders* brief, the Court presumes plaintiff faults counsel for not filing a brief (with the Court of Appeals or the Supreme Court, he does not say) asking to be relieved as counsel and setting forth a

"conscientious examination" of King's case and his opinion that no non-frivolous issues remained for review. *See Anders v. Calif.*, 386 U.S. 738 (1967). What possible benefit that brief — which, it must be remembered, would represent that any appeal *lacked* merit and asked for removal from the case — could have provided to King is unclear, given his sere briefing. Conclusory allegations, after all, do not justify § 2255 relief.[3]

---

[3] "Laundry list" claims of deficient representation -- offered without explaining, with full citation to the record, how they were viable *and* that no reasonable lawyer would have missed them -- do not comprise ineffective assistance of counsel. A typical ineffective assistance claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed. *See Sullivan v. Secretary, Fla. Dep't. of Corr.*, 837 F.3d 1195, 1205 (11th Cir. 2016) (an attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance, as element of ineffective assistance of counsel); *see also id.* at 1206 (in prosecution for fleeing and attempting to elude a law enforcement officer, trial counsel was ineffective in presenting a voluntary intoxication defense long after it had been statutorily abolished, instead of advising defendant to accept state's pretrial plea offer).

A review of the Court of Appeals' docket also reveals that King asked for counsel to be replaced and the Eleventh Circuit denied that request. *See United States v. King*, No. 17-13143 (Order dated May 1, 2018). It is unclear just what King wants, given that counsel dutifully represented him through appeal, King then asked counsel to represent him in pursuing that appeal to the Supreme Court, and when counsel declined King argued that, to begin with, counsel ought to have asked to withdraw by submitting a brief arguing that he believed King's appeal lacked merit *ab initio*. To reiterate, however, the Court need not delve into such philosophical speculation regarding King's regrets. Conclusory allegations need no further fleshing out, and Monday morning quarterbacking does not a § 2255 claim make. *E.g., White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992) ("We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.").

All movant has shown is his own dissatisfaction with counsel's performance, and that is not enough. Accordingly, Marlon Lawshawn King's § 2255 motion (doc. 101) should be **DENIED**.[4] For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate

---

[4] Because movant's motion is entirely without merit and his contentions are contradicted by the record, an evidentiary hearing is not warranted. *Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004) (where the motion "amount[ed] to nothing more than mere conclusory allegations, the district court was not required to hold an evidentiary hearing on the issues and correctly denied [movant]'s § 2255 motion.").

Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  2nd  day of July, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA